Patricia HEBBELEN, Respondent,

v.

William A. ROSE, Appellant.

No. 49868.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 1987.

Daniel J. Gralike, Robert M. Paskal, Paskal, Cohen and Benson, Clayton, for appellant.

Claude Hanks, Creve Coeur, for respondent.

CRIST, Judge.

Appeal from an award of $30,000 in damages for breach of a written construction contract entered into by the parties on April 29, 1971. We affirm.

Appellant (contractor) constructed a dorm addition using the second floor of respondent's (owner) residence. Work began on April 10, 1971, and was concluded on May 18, 1971. Owner testified that, beginning in 1977, she noticed cracks and ceiling splits on the first floor level and a sagging floor in the upstairs bedroom.

Owner filed suit on July 1, 1980, and received a jury verdict of $55,000 on April 25, 1984. The trial court found the award of damages was against the greater weight of the evidence and ordered a new trial on the issue of damages only. On January 28, 1985, the second jury returned a verdict for $30,000.

Both contractor and owner agree owner's cause of action was governed by a five-year statute of limitations. § 516.120, RSMo (1978). The dispute involves the timing of when the cause of action accrued. Section 516.100, RSMo (1978) provides the cause of action shall accrue when damage resulting from the wrong is sustained and capable of ascertainment. Owner pled and testified she discovered damage in 1977. On cross-examination, owner's expert testified a trained eye could have ascertained damage to the house in 1973 or 1974.

There is nothing in the evidence to show owner had a trained eye and would have been able to personally ascertain the presence of damage when an expert could. It has previously been held that where work is done by an expert, a layman has no duty to double check the services provided by the expert. *Martin v. Crowley, Wade and Milstead, Inc.*, 702 S.W.2d 57, 58[2] (Mo. banc 1985). The only evidence to show when the damage was ascertainable to a layman came from owner's testimony. This was sufficient for the trial court to determine the damage was first ascertainable in 1977, thus making the filing of the lawsuit in 1980 within the five-year statute of limitations.

Judgment affirmed.

SNYDER, C.J., and KELLY, J., concur.